UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC., et al., <br><br> Plaintiff, <br><br> v. <br><br> CANDELA CORPORATION, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No.: 06-11400 RWZ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Defendant Candela Corporation ("Candela") respectfully submits this memorandum in support of its motion to compel the production of certain documents from The General Hospital Corporation ("MGH"), or to require MGH to declare that it does not possess such documents. For the reasons discussed below, Candela's motion to compel should be granted.

**PRELIMINARY STATEMENT**

For over seven months, Candela has requested that MGH produce certain relevant documents. During that time, MGH did not produce the documents, nor state that it does not possess them. MGH has repeatedly stated that more documents may be produced, but that it must continue to investigate what responsive documents it has.

After seven months of correspondence and a telephonic "meet and confer" conference held on January 7, 2007, an additional document production was made by MGH on January 14, 2008, literally as this motion was on its way to be filed. An Email communication from MGH counsel states that it believes the production is now complete for one category of documents in issue (although there are still documents which would necessarily exist but which have not been produced), but as to the other categories, searches apparently continue and further documents are to be produced. With the discovery deadline fast approaching and no complete resolution of the document production issues, it was necessary to proceed with this motion.

MGH's failure to produce is causing Candela ongoing, and increasing prejudice, and frustrating Candela's conduct of discovery and preparation for trial. Therefore, pursuant to Fed. R. Civ. P. 37(a), Candela asks this Court to compel MGH to either produce the relevant documents requested, or state that such documents do not exist.

## STATEMENT OF FACTS

Plaintiffs MGH and Palomar Medical Technologies Inc. ("Palomar") allege that defendant Candela is infringing United States patent Nos. 5,735,844 and 5,595,568 (collectively "the patents-in-suit"), each of which is allegedly assigned to MGH and licensed by Palomar. Palomar filed its complaint in this action on August 9, 2006. (Docket Entry No. "Dock. No." 1). On February 16, 2007, Palomar filed an Amended Complaint which added MGH as a party. (Dock. No. 19).

### A.     The Documents In Issue

There are four categories of documents in issue. The specific requests at issue on this motion are described in a chart attached to this brief as Appendix A.:

1. Documents relating to the Navy contract which funded the invention and ownership of the rights to any invention.

The work leading to the alleged invention was, as the patents specifically state, financed by a contract with the U.S. Navy, and the federal government has certain rights to the invention. *See* '568 patent, col 1, ln 4-7. There must accordingly be a document containing the Navy contract. MGH was also required by statute to provide the Navy notice of the making of the invention and a written election to take ownership of the invention. *See* 35 U.S.C. § 200 *et. seq.*

The absence of these documents was raised in the August 17, 2007 and September 13, 2007 letters to MGH. While neither the notice of invention nor election to take the invention has been produced, the January 14, 2008 production contained a one page document – a license from MGH to the United States, for the '568 patent dated **October 29, 2007.** Such a license should have been given to the United States when the invention was elected, an event that should have occurred no later than 1997. Thus, during the very time Candela was inquiring about the absence of such documents from the production, MGH was generating them without acknowledging that the documents did not exist at the time they were requested.

While MGH's counsel believes that the production relating to the Navy contract is complete, the contract itself, the notice of invention required by statute, the selection of invention required by statute has not been produced. Moreover, the single page October 29, 2007 license to the United States of the '568 patent was produced without any cover letter or related document which would have accompanied a document that was a decade late.

2.      Documents relating to the conception and development of the alleged inventions.

The alleged inventions claimed in the patents-in-suit were apparently conceived at MGH, the assignee of the patents. The work leading to the filing of the patent applications that issued as the patents-in-suit was also performed at MGH. Lab notebooks and other documents relating to the conception and development of the alleged invention would necessarily have existed, and be in the possession of MGH. This includes documents relating to the tests described in the patent examples. MGH would also be in possession of documents concerning clinical trials conducted at MGH that allegedly practiced the claimed inventions.

While MGH produced some documents relating the conception and reduction to practice of the patents-in-suit, it still has not confirmed that all such documents have been produced. Moreover, MGH has failed to produce laboratory notebooks which were identified in other documents related to the conception and development of the alleged invention. In particular, Palomar has produced documents authored by Dr. R. Rox. Anderson, a named inventor of the patents-in-suit, that refer to entries in a January 1993 lab notebook. *(See* PAL 55346-55350). Candela specifically requested a copy of this notebook, but no such lab notebook entry was produced, nor has there been an admission that it does not exist. (Letter of Gasper LaRosa to Kate Saxton dated October 11, 2007, and attached hereto as Ex. D).

MGH has also not produced documents regarding the examples disclosed in the patents-in-suit and/or any products or systems utilizing the methods and/or apparatus described in those patents. For example, MGH has yet to produce documents underlying the human studies or pulsed photothermal radiometry apparatus results described in the examples provided in the '844 patent. Nor

has MGH produced documents underlying the Monte Carlo based computer simulations described in Figure 6 of the '844 patent. Candela has demanded production of these documents, or at a minimum, an admission by MGH that no such documents exist.

3.    <u>Patent applications involving the same inventor on closely related topics.</u>

MGH is the assignee of a number of United States patents related to light based hair removal that name Dr. Rox Anderson as an inventor. Dr. Anderson is named as one of the inventor's of the patents-in-suit. Documents concerning the prosecution of these patents and applications are relevant to the knowledge of a person of ordinary skill in the art, the scope of the prior art and the validity of the patents-in-suit. MGH does not dispute that these documents are relevant to this action, nor has it asserted that it has produced the documents in its possession.

4.    <u>Documents relating to clinical studies.</u>

As to experimental studies conducted on humans, MGH would be in possession of submissions made to the MGH Investigational Review Board (IRB) in order to obtain approval to conduct clinical trials. Reports and collections of data would also exist for clinical trials that were conducted at MGH. Some documents relating to clinical trials have been produced, but there has been no confirmation that the production is complete.

B.    <u>**Candela's Document Requests and the Negotiations with MGH.**</u>

Candela served its First Set of Requests to MGH for the Production of Documents and Things (Nos. 1-47) on May 29, 2007 — over seven months ago. Five months ago Candela began writing letters to MGH regarding deficiencies in its document production. *(See* Letter of Richard Greco

to Kate Saxton, dated August 17, 2007, attached hereto as Ex. B and letter dated September 13, 2007 attached hereto as Ex. C). After receiving no response, another month passed, forcing Candela to send another letter to MGH on October 11, 2007, alerting MGH to its ongoing deficient production. *(See* Ex. D.) After four months, MGH stated only that the "production and review of MGH's documents is ongoing" and that it was "investigating the issues raised in the [October 11, 2007] letter . . . ." *(See* Letter of Kate Saxton to Gasper LaRosa, dated October 22, 2007, and attached hereto as Ex. E). MGH did not challenge the fact that the documents requested by Candela were relevant to this action. To the contrary, MGH affirmatively represented that to the extent non-privileged documents were located, they would be produced. *(Id.)*.

Another series of letters between the two parties followed, and another three months passed.[1] However, MGH did not produced any additional documents or provide any substantive response to Candela's deficiency letters. The parties thereafter discussed MGH's production by telephone conference on January 7, 2008. During the meet and confer, Candela explained the prejudice it is experiencing due to MGH's incomplete production and requested that MGH either produce responsive documents within a reasonable time or disclose that such documents do not exist. Again counsel for MGH stated that it was unable to comment upon whether it possessed any additional documents, or when it would be able produce such documents.

---

[1] *See* Letter of Gasper LaRosa to Kate Saxton, dated November 2, 2007, attached hereto as Ex. F; Letter of Kate Saxton to Gasper LaRosa, dated November 12, 2007, attached hereto as Ex. G; Letter of Gasper LaRosa to Kate Saxton, dated December 11, 2007, attached hereto as Ex. H; Letter of Kate Saxton to Gasper LaRosa, dated December 18, 2007, attached hereto as Ex. I.

Most recently, on January 11, 2007, MGH produced a CD containing documents, but requested it be returned because documents were incorrectly redacted. Candela returned the production on the same day, without reviewing it. Candela asked MGH whether these latest documents would complete MGH's production. (Email of Gasper LaRosa to Kate Saxton, dated January 11, 2008, attached as Ex. J). MGH replied that it "believe[s]" that the latest production, once properly redacted, will be complete regarding the Navy contract, but that it is still "in the process of reviewing" documents related to the other categories, and that it "will produce [those documents] on a rolling basis as soon as possible." (Email of Kate Saxton to Gasper LaRosa, January 12, 2008, attached as Ex. K).

Thereafter another CD of documents was received on January 14, 2008. These additional documents did not resolve the issues.

Given the late date, and the expiration of fact discovery on February 15, Candela files this motion.

**ARGUMENT**

I. **MGH SHOULD EITHER PRODUCE THE RESPONSIVE DOCUMENTS OR ADMIT THAT IT DOES NOT HAVE SUCH DOCUMENTS**

A. **An Order Compelling Disclosure Is Needed In This Case.**

Fed. R. Civ. P. 37 provides that a party is "authorized to file motions to compel adequate responses to discovery probes, if good faith efforts to secure sufficient responses [from the opposing party]. . . are unavailing." *See Moore's Federal Practice,* 3d ¶ 37.01 [2]; (citing Fed. R.

Civ. P. 37(a)(3)(B)). Rule 37(a)(4) further provides that an evasive or incomplete disclosure . . . must be treated [under rule 37] as a failure to disclose. . ." Fed. R. Civ. P. 37(a)(3)(C)(4).

For a court to grant a motion to compel, the moving party must demonstrate that the information sought is relevant, that the party from who discovery is sought has inadequately produced, and that the movant has made a good faith effort to resolve the dispute prior to bringing it to the Court's attention. *See Moore's Federal Practice* 3d ¶ 37.22. Those criteria are well-established here.

1. The documents requested are relevant.

Relevance, for purposes of discovery is broadly defined. *See* Fed. R. Civ. P. 26(b)(1) (permitting discovery of "any matter, not privileged, that is relevant to the claim or defense of any party" so long as the discovery is "reasonably calculated to lead to the discovery of admissible evidence"); *see, e.g., Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (stating the relevancy standard for discovery should be construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on,, any issue that is or may be in the case."). MGH does not dispute that the document requests at issue seek relevant information, nor could it dispute this. The contract with the U.S. Navy and the related notice of invention and election to take the invention are relevant to whether MGH owns the patents in suit. Those documents will also likely provide relevant information about the date of the invention on and how it allegedly differs from the prior art.

The evidence of the date of conception is important in any patent case, among other reasons, to determine the scope of the prior art, for example under 35 U.S.C. § 102(a), (e) and (g).

The documents seeking approval from the IRB to conduct clinical trials and the clinical trial results are relevant to whether the alleged invention has properties the patent claims and whether the properties are superior to prior art, an issue that relates to obviousness.

### 2. MGH's Response Is Incomplete Or Evasive

MGH's failure to produce these documents, which plainly must have existed at some time, is not cured by its repeated statement that it continues to investigate. Candela needs these materials to complete trial preparation. If the documents no longer exist, Candela also needs to know that so it may conduct discovery about when and how they were lost. If the documents never existed, that will have important implications on the ownership of the patents, the conception dates alleged, and the patent's validity.

MGH's position of neither producing responsive documents nor admitting to its lack of possession, is hindering Candela's ability to defend this action and makes it impossible to bring the fact investigation to a conclusion. Accordingly, the Court should compel MGH to produce whatever responsive documents it has, and compel MGH to admit to its lack of possession of those documents it does not have.

### 3. Candela Has Acted In Good Faith.

As the correspondence chronicled above makes clear, Candela has acted in good faith in attempting to settle this discovery dispute, prior to bringing this motion to compel before the Court. (See also Certificate Pursuant to L.R. 7.1 and 37.1) Candela has sent seven letters over the past five

months, and engaged in telephone conferences, most recently on January 7, 2008, all in a fruitless effort to resolve the dispute, and receive MGH's compliance.

## CONCLUSION

For all of the foregoing reasons, Candela respectfully requests that the Court compel MGH to produce documents related to the topics discussed above, and/or to admit that it does not possess such documents, as set forth in the Proposed Order accompanying this motion.

Dated: January 16, 2008                                KAYE SCHOLER LLP


By /s/ Richard G. Greco
           Richard G. Greco

425 Park Avenue
New York, NY 10022
Tel: (212) 836-8000

and

Joan Griffin

MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, MA 02109-1775
Tel: (617) 535-4000

*Attorneys for Defendant
Candela Corporation*

**Appendix A: Chart of document requests in issue.** [2]

| Doc. Requests | Document Request Topic | Relevance |
|---|---|---|
| 3, 6 | Documents concerning communications regarding Contract N00014-91-C-0084 awarded by the Department of the Navy, ("the Navy Contract") or work performed under the Navy Contract, including but not limited to all research reports, progress reports, correspondence, test protocols and test results. | The Department of the Navy financed MGH's research on laser hair removal, and these documents directly relate to whether MGH is the legal owner of the alleged invention, and progress reports and related documents are relevant to the conception and reduction to practice of the invention. |
| 15, 16 | All documents concerning the subject matter claimed in the '568 or '844 patents, or the conception or reduction to practice thereto, including without limitation the specific examples disclosed in the '568 or '844 patents and any products or systems utilizing the methods and/or apparatus described in the '568 or '844 patents. | This request is vital to determining the date of conception and reduction to practice and thus is important for invalidity issues. This request also relates to issues of inventorship, establishing which alleged inventor did what. Further, the language used by the researchers to describe their research will implicate claim construction issues as well as non-infringement issues. |
| 9, 11 | All document concerning laser hair removal or the application of optical radiation to human or non-human skin, or any product, device, machine, system or method for laser hair removal or the application of optical radiation to human or non-human skin. | Clinical studies regarding the alleged invention are relevant to purported superiority over the prior art, as well as, the amount of experimentation needed to successfully practice the invention and any unexpected results associated with practicing the invention. |
| 14 | All documents concerning any patent or patent application assigned to MGH concerning laser hair removal, including patents which share one or more of the same inventors as the patents-in-suit. | Statements by MGH and/or Dr. Rox Anderson concerning the prior art, scope of the claims, and written description of these patents are relevant to the validity and enforceability of the patents-in-suit. |

---

[2] Candela's First Set of Requests to MGH for the Production of Documents and Things (Nos. 1-47) (hereinafter referred to as "Candela's Request for Production"), attached as Ex. A.