## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PALOMAR MEDICAL TECHNOLOGIES, INC. and THE GENERAL HOSPITAL CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 1:06-CV-11400-RWZ |
| CANDELA CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

## PALOMAR MEDICAL TECHNOLOGIES, INC.'S AND THE GENERAL HOSPITAL CORPORATION'S PROPOSED FURTHER RULE 16 SCHEDULE

Palomar Medical Technologies, Inc. and The General Hospital Corporation (collectively, "Plaintiffs") filed this patent infringement lawsuit on August 9, 2006, nearly four years ago, alleging that Candela Corporation ("Candela") infringed U.S. Patent Nos. 5,595,568 (the "'568 patent") and 5,735,844 (the "'844 patent"). (Docket No. 1 (Complaint), No. 68 (Amended Complaint).)

On October 31, 2008, Candela filed an Emergency Motion to Stay this matter, pending the conclusion of reexamination proceedings for the '568 and '844 patent filed by an anonymous third party with the United States Patent and Trademark Office.[1] On November 17, 2008, the Court granted Candela's motion. (Docket No. 111.) At the time this proceeding was stayed, fact discovery had been completed, and expert discovery was nearly complete, with only depositions of the parties' respective experts remaining.

On June 19, 2009, following the successful conclusion of the reexamination proceedings, which confirmed the validity of the patents, Plaintiffs filed a Motion to Lift Stay and Reopen Case.

---

[1] Candela filed its own requests for reexamination of the '568 and '844 patents on December 9, 2008.

On January 4, 2001, the Court granted Plaintiffs' Motion to Lift Stay and Reopen Case. Pursuant to

Plaintiffs' Motion, Plaintiffs have met and conferred with Candela regarding a further schedule for

this proceeding, but were unable to reach agreement on a schedule. Plaintiffs therefore submit the

below proposed further schedule for this matter:

| Date | Event |
|---|---|
| March 26, 2010 | The parties may serve supplemental expert reports addressing new events that arise from the reexamination proceedings for U.S. Patent Nos. 5,595,568 and 5,735,844, and shall not include new infringement, non-infringement, invalidity or unenforceability theories.<br><br>The parties may also serve supplemental damages expert reports updating damages calculations. |
| May 12, 2010 | Expert discovery closes. |
| June 10, 2010 | Pretrial disclosures due pursuant to Fed. R. Civ. P. 26(a)(3). |
| July 12, 2010 (or as soon thereafter as the Court's schedule permits) | Pretrial Conference. |
| August 11, 2010 | Case ready for trial. |

Plaintiffs' proposed schedule seeks to complete expert discovery and pretrial preparations

expeditiously so that the parties may proceed to trial. By contrast, Candela's proposed schedule is

nothing more than a further attempt to delay resolution of this proceeding:

| Date | Event |
|---|---|
| April 9, 2010 | Close of limited fact discovery relating to reexamination proceedings. Last day for Candela to disclose whether it will rely on a post-reexamination opinion of counsel. |
| May 7, 2010 | Last day for Candela to serve supplemental expert reports on invalidity or unenforceability with respect to issues or topics arising from or relating to |

2

| | the reexamination proceedings. |
|---|---|
| June 7, 2010 | Last day for Palomar to serve supplemental rebuttal expert reports on invalidity or unenforceability with respect to issues or topics arising from or relating to the reexamination proceedings. |
| August 6, 2010 | Expert discovery closes. |
| October 6, 2010 | Last day to file dispositive motions (though parties may file dispositive motions sooner) |
| 30 days after the filing of any dispositive motion<br><br>(November 3, 2010, for motions filed on October 6, 2010) | Oppositions to summary judgment motions due |
| 14 days after filing of opposition<br><br>(November 17, 2010, for oppositions filed on November 3.) | Replies in support of summary judgment motions |
| To be scheduled at convenience of the Court | Summary judgment hearing |
| 60 days after decision on summary judgment motions | Pretrial disclosures due pursuant to Fed. R. Civ. P. 26(a)(3). |
| 30 days from service of pretrial disclosures (To be scheduled at convenience of the Court) | Case ready for pretrial conference. |
| 30 days after the pretrial conference | Case ready for trial. |

*First*, Candela proposes that the parties engage in three additional months of fact discovery, during which Candela will apparently decide whether to "rely on a post-reexamination opinion of counsel." As explained above, fact discovery in this proceeding closed over a year ago. Absent a compelling showing by Candela that some new information exists that requires the reopening of fact discovery (and Candela has not identified any), Candela should not be permitted to reopen fact discovery simply because its reexamination strategy proved unsuccessful.[2] And Candela is well past the time for disclosure and reliance on any opinions of counsel. Pursuant to the Court's July 23, 2007

---

[2]     As indicated in previous filings in this Court, the Plaintiffs are not asserting any new claims in the '844 patent and are no longer asserting the '568 patent.

Scheduling Order, Candela was required to decide within 10 days of the Court's claim construction ruling (over two years ago) whether it would rely on any opinions of counsel. Candela chose not to so rely; it cannot do so now. (*See* Ex. A [Nov. 27, 2007 letter from Mr. LaRosa to Ms. Saxton].) Moreover, as the Federal Circuit has made clear, opinions obtained after litigation has commenced (like Candela's proposed "post-reexamination opinion") are of "little significance." *In re Seagate Technology LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007).

*Second*, Candela proposes that the parties then engage in an additional four months of expert discovery regarding "invalidity or unenforceability with respect to issues or topics arising from or relating to the reexamination proceedings." Because any purportedly "new" expert opinions are limited to issues arising from the reexamination proceeding, Candela does not need an additional four months of expert discovery, which should merely be supplementary. Candela was informed of all the reexamination proceedings before the Patent Office as they occurred, and, to the extent it believes any issues still exist regarding the validity and enforceability of the '568 and '844 patents, it is already in possession of the necessary information from the reexamination proceedings to continue to raise such issues. Certainly, Candela cannot not now, after its invalidity defenses were rejected by the Patent Office during the reexamination proceedings, be permitted to identify and assert new prior art theories never previously raised.

*Finally*, Candela requests that the Court set a lengthy schedule for filing, briefing, and hearing of dispositive motions. Such motions are unnecessary, and will only further delay resolution of this proceeding. The reexamination proceeding did not alter the scope of the asserted claims, thus Candela still has no non-infringement arguments. Candela's invalidity arguments have been considered and rejected by the Patent Office, and Candela should not now be permitted to raise new invalidity arguments. Plaintiffs respectfully suggest that, if Candela maintains that valid bases exist for the filing of a dispositive motion, believing in good faith that there is some factual issue that is truly undisputed whose resolution would entitle Candela to judgment as a matter of law, Candela

4

should be required to submit a written request to the Court outlining its proposed motion, so that the Court may evaluate the usefulness of any such motion.

For these reasons, Plaintiffs respectfully request that the Court enter Plaintiffs' above proposed schedule and reject Candela's proposed schedule.

Respectfully submitted,

PALOMAR MEDICAL TECHNOLOGIES, INC.
and THE GENERAL HOSPITAL
CORPORATION,

*By their attorneys,*

Kate M. Saxton

Wayne L. Stoner (BBO# 548015)
Vinita Ferrera (BBO# 631190)
Kate Saxton (BBO# 655903)
Dimple Chaudhary (BBO# 674845)
Sarah Petty (BBO# 666485)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000

Date:  February 3, 2010

<u>CERTIFICATE OF SERVICE</u>

    I, Kate Saxton, counsel for Palomar Medical Technologies, Inc. and the General Hospital Corporation, hereby certify that on February 3, 2010  a true copy of the above document was served upon counsel of record by ECF.


Kate Saxton

US1DOCS 7435981v1